Reynolds *v.* Maryland Casualty Company of Baltimore, Appellant.

*Insurance—Health insurance—Notice.*

Where a policy of health insurance requires that "immediate written notice" of the disease or illness shall be given to the company, a notice given within a reasonable time under the circumstances of the particular case will satisfy the requirement of the policy. What is a reasonable time under the special facts is a question for the jury, unless the delay has been so great that the court may with confidence decide the question as one of law.

Where a health policy of insurance provides that "affirmative proof of cause and duration of disability must be furnished to the company within ten days from the termination of the disability," notice given during disability is in time.

A condition in a policy of insurance being the language of the company must, if there be any ambiguity in it, be taken most strongly against them; if reasonably susceptible of two interpretations it is to be construed in favor of the assured so as not to defeat, without plain necessity, his claim to indemnity which it was his object to secure.

*Evidence—Mailing letter—Postage—Presumption.*

Where a person testifies that he mailed a letter by depositing it in a street letter box, it will be presumed, in the absence of anything to the contrary that the letter was duly stamped.

Argued Jan. 12, 1906. Appeal, No. 32, Jan. T., 1906, by defendant, from judgment of C. P. Lackawanna Co., May T., 1904, No. 346, on verdict for plaintiff in case of John Reynolds *v.* Maryland Casualty Company of Baltimore, Md. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD, and BEAVER, JJ. Affirmed.

Assumpsit on a policy of health insurance. Before KELLY, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $234.44. Defendant appealed.

*Error assigned* among others was in refusing judgment for defendant non obstante veredicto.

*Robert J. Murray* and *C. A. Van Wormer*, for appellant.—If the insured fails in his efforts, or neglects to comply with

the whole of the agreements, the contract is at an end by force of its own terms : Girard Fire, etc., Ins. Co. v. Hebard, 95 Pa. 45.

The evidence must show that the letter was not only properly addressed, but that the postage was prepaid : Whitmore v. Ins. Co., 148 Pa. 405 ; Neubert v. Armstrong Water Co., 211 Pa. 582.

It was the duty of the plaintiff to give timely and reasonable notice to the defendant of his illness : Dunshee v. Travelers' Ins. Co., 25 Pa. Superior Ct. 559 ; McSparran v. Ins. Co., 193 Pa. 184 ; Water Co. v. Ephrata Boro., 20 Pa. Superior Ct. 149.

*M. J. Martin*, with him *James E. Watkins*, for appellee.— The word "mail" as applied to a letter means that the letter was properly prepared for transmission by the servants of the postal department and that it was put in the custody of the officers charged with the duty of forwarding letters : Pier v. Heinrich-shoffen, 67 Mo. 163 ; Bank v. DeGroot, 43 N. Y. Superior Ct. 341 ; Susquehanna Mut. Fire Ins. Co. v. Toy Co., 97 Pa. 424 ; Farmers' Nat. Bank v. Marshall, 9 Pa. Superior Ct. 621 ; Folsom v. Cook, 115 Pa. 539.

Immediate notice is notice within a reasonable time : Lyon v. Railway Passenger Assurance Co., 46 Iowa, 631 ; People's Accident Assn. v. Smith, 126 Pa. 317.

When an insurance company tenders a policy to a party seeking to be insured, and uses in the policy ambiguous words, these words will be held to have the meaning most favorable to the insured, as the presumption is that on this construction he took the policy, and as the company could have avoided the difficulty by being more specific : Allen v. Ins. Co., 85 N. Y. 473 ; Western Ins. Co. v. Cropper, 32 Pa. 351 ; White v. Smith, 33 Pa. 186 ; Wilson v. Ins. Co., 4 R. I. 141 ; Bartlett v. Ins. Co., 46 Maine, 500 ; Bowman v. Ins. Co., 27 Mo. 152 ; Ins. Co. v. Slaughter, 79 U. S. 404 ; Life & Acc. Ins. Co. v. Burroughs, 69 Pa. 43 ; Burkhard v. Travelers' Ins. Co., 102 Pa. 262–266.

OPINION BY HENDERSON, J., March 12, 1906 :

The appellant denies the right of the plaintiff to recover in this action for two reasons : (1) That he did not comply with

the requirement of the policy that " immediate written notice must be given to the company at Baltimore or to the agent countersigning the policy of any disease or illness for which a claim is to be made with full particulars therefor and full name and address of insured ; " (2) That he did not comply with the provision of the policy that " affirmative proof of cause and duration of disability must also be furnished to the company within ten days from the termination of the disability." The plaintiff became ill with appendicitis on October 3, 1903. He was taken to the hospital the next day and a written notice to the defendant of his sickness was sent by mail by his wife as claimed by the plaintiff on October 9, 1903. This is said not to have been " immediate " notice within the meaning of the policy. Undoubtedly the obligation of the contract required the insured to give prompt notice of his illness but it cannot be held that the word " immediate " is to be understood in its strict sense. The parties must have known that it would ordinarily be impossible to give such notice without the lapse of an appreciable period of time. A sudden illness of the insured might disable him from giving the required notice for a considerable period. The insurer did not expect the impossible. What the parties contracted for was that notice should be given within a reasonable time under the circumstances of the particular case.

This is the fair and practical interpretation of their agreement and probably the one which they gave to it at the time it was entered into, and what is a reasonable time under the special facts is a question for the jury unless the delay has been so great that the court may with confidence decide the question as one of law : People's Accident Association v. Smith, 126 Pa. 317 ; Lyon v. Assurance Co., 46 Iowa, 631. The evidence shows that the insured was seriously ill and was subjected to a surgical operation on October 11. His wife made two or three efforts to notify the local agent of the company and failing in that sent the notice as she claimed to the company in Baltimore. The court submitted to the jury the question whether the plaintiff acted with due diligence in giving the notice and there was evidence upon this point from which it might be found that the notice was sent with reasonable promptness, taking into consideration the condition of the insured and the time when he learned that his condition was

serious and that an operation would be necessary. It is alleged, however, that there was not sufficient evidence to raise a presumption of the receipt of the notice by the company because it did not appear from the plaintiff's evidence that the letter sent had been properly stamped before it was deposited. The witness testified that she wrote a letter and addressed it to the company at Baltimore, Maryland, informing it of the condition of her husband; that this letter was sent on October 9, and that she mailed it in a street letter box near her residence. No objection was made to her statement that she mailed the letter and that she deposited it in a street post office box. The popular understanding of the word "mailed" as applied to a letter is that it was duly stamped and placed under the control of the officers of the postal department whose duty it is to dispatch postal matter; and this is the meaning which should be attached to it in this case under the testimony. In the absence of evidence to the contrary or any inquiry as to the particular point, the witness might well be understood to mean that the letter was mailed in conformity with the requirements of the postal service. If the appellant's counsel did not so understand it, it would have been easy to have interrogated the witness as to the fact: Oregon Steamship Co. v. Otis, 100 N. Y. 446 (3 N. E. Repr. 485); Pier v. Heinrichshoffen, 67 Mo. 163. The question was clearly and fairly submitted to the jury and the verdict shows that the prima facie proof of notice was not successfully rebutted.

The defendant's second contention is that the insurance was against total disability; that the contract provided for notice to the company within ten days from the "termination of the disability;" that this has reference to total disability; that the total disability terminated on October 3, 1903; that proof of the cause and duration of the disability was not given until twenty-one days thereafter and that because of the failure of the insured to give notice within the stipulated time the company is released from liability. It is not pretended that the plaintiff had recovered his health on October 24, and there is evidence from which the jury might well have found that he was totally disabled for a week or ten days thereafter, for while it was stated by him that he rode to his place of business on the fourth, fifth and seventh of that month and re-

mained a little while at his desk it also appears that he overestimated his strength and was confined to his house for a week thereafter unable to go to work. In conceding that his total disability terminated on the twenty-fourth he allowed to the defendant more than other parts of his evidence would have entitled it to. The learned trial judge instructed the jury that if the notice was given during his disability it was in time and as this is in harmony with the language of the policy relating to the required notice we think he was not in error. " A condition in a policy of insurance being the language of the company must if there be any ambiguity in it be taken most strongly against them; if reasonably susceptible of two interpretations it is to be construed in favor of the assured so as not to defeat, without plain necessity, his claim to indemnity which it was his object to secure ": Smith vs. Insurance Co., 103 Pa. 177. The defendant's contract covered the illness from which the plaintiff suffered; his sickness is not disputed and we ought not to be acute in support of objections so highly technical.

The assignments of error are overruled and the judgment affirmed.