## Kunkle *v.* Union Casualty Insurance Co., Appellant.

*Insurance—Accident insurance—Automobile insurance—Testing machine.*

In an action upon a policy of automobile insurance which excluded a loss occurring while the machine was "used for demonstrating and testing," the case is for the jury, where the chauffeur testified that after taking the owner for a drive he "made a slight adjustment of the carburetor and took the car out to see what effect it had on the running of the motor, and in going around a turn the accident occurred," and the experts called by both parties differed as to whether the facts stated by the chauffeur did or did not constitute a demonstration or test.

Argued Oct. 22, 1915. Appeal, No. 309, Oct. T., 1914, by defendant, from judgment of Municipal Court, Philadelphia Co., Oct. T., 1914, No. 2, on verdict for plaintiff in case of Laura A. Kunkel v. Union Casualty Insurance Company. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit upon a policy of automobile insurance. Before KNOWLES, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $572.42. Defendant appealed.

*Error assigned* was refusal of binding instructions for defendant.

*Walter Willard,* for appellant.—The available legal literature on the subject of automobiles has been examined by appellant and in the accessible works on this comparatively recent and fruitful branch of the law consisting of

Abbott's Automobile Law for Motorists, 1909,

Babbitt on the Law of Motor Vehicles, 1911,

Berny's Treatise on the Law relating to Automobiles, 1909,

David's Law of Motor Vehicles, 1911,

Huddy's Law of Automobiles, 1912,

although numerous decisions defining a great number of automobile terms are cited, the word "testing" is not defined therein, nor do the authors of the works discuss it and the equally numerous books on casualty insurance give no further light on this subject.

It would seem logical, therefore, to conclude that in the absence of any reference to testing, in these works, that the word has no technical or special meaning other than its plain ordinary and popular meaning, and that the adjustment of the carburetor by appellee's employee, and taking the car out to see what effect it had on the running of the motor was a testing of the car within the meaning of the policy.

The verb test, of which testing, the word in controversy, is the present participle, is defined by Webster's Dictionary as follows, viz: "Test, to put to the proof, to prove the truth, genuineness, or quality of by experiment, or by some principle or standard; to try." And the definition in the Century Dictionary is also similar, viz: "Test, to put to the test, being to trial and examination, compare with a standard; try, as to test the

soundness of a principle; to test the validity of an argument; to test a person's loyalty; to test the electrical resistance of a wire."

Words in an instrument are to be given their plain, ordinary and popular meaning: McWilliams v. Martin, 12 S. & R. 268; Lehigh, Etc., Coal Co. v. Wright, 177 Pa. 387; Bickford v. Cooper, 41 Pa. 142; Preston v. Ætna Ins. Co., 193 N. Y. 133.

*Charles Grossman,* for appellee, cited: Glenn v. Strickland, 21 Pa. Superior Ct. 88; Ford v. Buchanan, 111 Pa. 31; Reynolds v. Maryland Casualty Co., 30 Pa. Superior Ct. 456; Frick v. United Firemen's Ins. Co., 218 Pa. 409.

OPINION BY ORLADY, J., March 1, 1916:

The plaintiff recovered a verdict in her action on a policy of insurance issued by the defendant to indemnify her from loss in consequence of damage to her automobile.

It was admitted that the accident happened just as described by the plaintiff's chauffeur, who testified, that "after taking the owner for a drive, he returned to the hotel. I made a slight adjustment of the carburetor and took the car out to see what effect it had on the running of the motor, and in going around a turn the accident occurred." The defense was based on a clause in the policy, viz: Condition A. This policy does not cover loss......by reason of the use or maintenance of any of the automobiles enumerated under any of the following conditions,......"5, while used for demonstrating or testing." The only question for our determination is—whether the trial judge erred in submitting to the jury to determine, whether under the circumstances, the use of the automobile at the time the damage was done, constituted such a demonstration or test as was contemplated by the condition mentioned. The terms used are not so self-explanatory, and so well understood by the

general public that it could be held as a matter of law, that adjusting the carburetor and ascertaining the result of that adjustment by the owner's chauffeur, when he returned the car to the barn after an ordinary family drive, constituted "demonstration and testing" as used in the policy.

The testimony submitted by the experts was contradictory, and each party claimed that the admitted facts did or did not constitute a demonstration or test. This conflict but emphasized the judge's duty to fairly submit this fact to the jury. While the interpretation of a written contract is, in the first instance, for the court, and not for the jury, it is just as well held that a condition in a policy of insurance, being the language of the company, must, if there be any ambiguity in it, be taken most strongly against them; if reasonably susceptible of two interpretations it is to be construed in favor of the assured, so as not to defeat without plain necessity the claim to indemnity, which it was the object to secure: Reynolds v. Maryland Casualty Co., 30 Pa. Superior Ct. 456; Frick v. United Firemen's Insurance Co., 218 Pa. 410.

Automobile insurance is a new business, and deals with methods and complicated machinery of recent introduction; the several parts and the operation of the automobile have given to us many new words of indefinite meaning, and it is often necessary to rely on the mechanicians and trade experts to reasonably understand them, and, as in this case, the selected experts often differ in the meaning to be given to words that in other business affairs seem to have a clear and precise significance. This dispute was purely one of fact, and experts, who claimed technical and peculiar knowledge on the subject, were called by each party to give their opinions as to the business or trade meaning of the words —demonstration and testing. It is true, that words if of common use, are to be taken in their natural, plain, obvious and ordinary significations; but if technical

words are used, they are to be taken in their special or technical sense, unless a contrary intention clearly appears in either case from the context.    Bouvier, Dic. construction.

The trial judge fairly and clearly submitted this disputed fact to the jury, and we do not find any reason to warrant a reversal of its conclusion.

The judgment is affirmed.