## Mankin *v.* Parry, Appellant.

*Custom—Posting of letters—Receipt of letter—Presumption.*

Proof of a custom in a sender's office whereby letters deposited in a particular place are taken by an employee and mailed by him, in connection with proof that a particular letter was so deposited and properly taken and mailed as usual, may support a presumption of due receipt; but this rule does not apply where there is no proof that the stenographer whose duty it was to mail the letter performed her duty.

Argued Oct. 14, 1918. Appeal, No. 119, Oct. T., 1918, by defendant, from judgment of C. P. No. 3, Philadelphia Co., Sept. T., 1916, No. 3421, on verdict for plaintiff in case of L. E. Mankin v. Charles K. Parry, trading as Charles K. Parry & Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit for goods sold and delivered. Before FERGUSON, J.

At the trial the jury returned a verdict for plaintiff for $272.82, upon which judgment was entered. Defendant appealed.

*Error assigned* was the exclusion of the letter referred to in the opinion of the Superior Court.

*Horace Michener Schell,* for appellant.—The law presumes that a letter duly directed and mailed was received by the person to whom it was directed in the regular course of the mail: Jensen v. McCorkell, 154 Pa. 323; Whitmore v. Dwelling House Insurance Co., 148 Pa. 405.

*James S. Williams,* for appellee.—Where a witness disclaims knowledge of the fact whether a certain thing was done by him, that fact cannot be proven by evidence of a general practice or custom on his part: Schoneman v. Fegley, 14 Pa. 376; Custer v. Fid. Mut. Aid Assn., 211 Pa. 257.

Evidence of such a custom or practice is only admissible to corroborate positive testimony that the thing was done: Meighen v. The Bank, 25 Pa. 288; Sherer v. Easton Bank, 33 Pa. 134.

OPINION BY WILLIAMS, J., January 3, 1919:

Plaintiff declared for the contract price of lumber sold and delivered. Defendant set up the lumber was not of the quality ordered, and plaintiff was in default in not

Opinion of the Court. [70 Pa. Superior Ct.

delivering two more cars. Plaintiff denied the lumber delivered was lacking in quality, and averred he received no shipping instructions as to the other two cars.

An offer of a copy of a letter containing shipping instructions was refused although there was qualifying testimony that defendant dictated and the stenographer wrote it, or thought she had because her initials appeared at the end; that it was her duty to mail letters written, and that she usually did. She admitted she did not remember mailing this letter. The jury found for plaintiff, judgment was entered, and defendant appealed.

Appellant urges the letter was admissible because it was qualified by evidence of a custom raising a presumption that it was mailed sufficient to take the question to the jury. The cases cited stand for the general proposition that proof of a custom in the sender's office whereby letters deposited in a particular place are taken by an employee and mailed by him, in connection with proof that the letter was so deposited and properly taken and mailed as usual, may support a presumption of due receipt. In the present case there was proof of the custom, but none of the performance of the duty. We cannot presume the stenographer performed her duty, and, upon that, base a presumption that the letter was received. One presumption may not be based upon another: Philadelphia City Passenger Ry. Co. v. Henrice, 92 Pa. 431; Hall v. Pa. R. R. Co., 60 Pa. Superior Ct. 235. The offer was properly refused.

The judgment is affirmed.