## Commonwealth v. Galazin

*John P. Harrington,* Deputy Attorney General, for Commonwealth.

*Peter Kanjorski,* for appellants.

SHELLEY, J., December 3, 1962.—This is an appeal by Helen Rose Galazin and Joseph Henry Galazin from an order of the Secretary of Revenue of the Commonwealth of Pennsylvania (hereinafter referred to as secretary) suspending the operator's license of petitioner, Helen Rose Galazin, and the registration of a motor vehicle owned by petitioner, Joseph Henry Galazin. There was a hearing before the court on September 7, 1962.

### Findings of Fact

1. Petitioners are husband and wife and presently reside at 1235 South Market Street, Nanticoke, Luzerne County, Pennsylvania.

2. Petitioner, Helen Rose Galazin, has been the holder of a valid motor vehicle operator's license issued by the Commonwealth of Pennsylvania.

3. Petitioner, Joseph Henry Galazin, is the owner of a certain Dodge sedan registered by the Commonwealth of Pennsylvania, plate number K58190.

4. On February 23, 1962, the automobile owned by petitioner, Henry Joseph Galazin, and operated by petitioner, Helen Rose Galazin, was involved in an accident through no fault of petitioners, and said petitioners on or about February 24, 1962, gave immediately and promptly a written report of the accident, as required by law.

5. On or about July 16, 1962, petitioner, Helen Rose Galazin, received an "official notification of suspension of motor vehicle privileges" (hereinafter referred to as official notification), which notification requested a return to the Bureau of Traffic Safety of the Department of Revenue, Commonwealth of Pennsylvania, not later than July 23, 1962, the 1961 and 1962 operator plate no. 12577396, license no. E78718.

6. On or about July 16, 1962, petitioner, Joseph Henry Galazin, received an "official notification of suspension of motor vehicle privileges" wherein he was requested to return, not later than July 23, 1962, registration plate and cards tag no. K58190 for 1961 and 1962.

7. Neither of the official notifications referred to above had set forth therein the amount required as security as provided by section 1404 (b) of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 PS §1404. The effective date of the official notifications aforesaid was July 23, 1962.

8. The reason set forth in each of the official notifications referred to above stated "Reason for suspension, section 1404, failure to post security as a result of an accident that occurred on February 23, 1962".

### Discussion

We have set forth our findings of fact in accordance with directions of the Supreme Court in Commonwealth v. Etzel, 370 Pa. 253, 258 (1952).

Section 1401 of The Vehicle Code, 75 PS §1401, provides:

"(a) The secretary shall administer and enforce the provisions of this article, and may make rules and regulations necessary for its administration.

"(b) Any person aggrieved by an order or act of the secretary under the provisions of sections 1403 to 1411 of this act may, within ten (10) days after notice

thereof, file a petition in the Court of Common Pleas of Dauphin County for a trial de novo to determine whether such order or act is lawful and reasonable. . . . The court shall summarily hear the petition, and may make any appropriate order or decree."

Section 1404 (b) of The Vehicle Code requires that "The secretary shall, within sixty (60) days after receipt of . . . report of a motor vehicle accident, suspend the license of each operator and all registrations of each owner of a motor vehicle in any manner involved in such accident . . . unless such operator or owner or both shall deposit security in the sum . . . determined by the secretary. Notice of such suspension shall be sent by the secretary to such operator and owner not less than ten (10) days prior to the effective date of such suspension and *shall state the amount required as security*." (Italics supplied.)

The official notifications sent by the secretary to petitioners did not state the amount of security required by the secretary, as provided by section 1404 (b) of The Vehicle Code.

The Commonwealth avers, however, that on May 10, 1962, a form letter was mailed by first class mail to each of the petitioners advising each of them that as a result of a motor vehicle accident which occurred on February 23, 1962, at Kingston, Pennsylvania, they would be required to deposit with the Bureau of Traffic Safety a certified check or money order in the amount of $175 as security to be applied to any judgment or judgments for damages resulting from the accident and that if such deposit was not submitted on or before May 31, 1962, petitioners would be subject to suspension of operator's license and car registration. Each of the petitioners denied any recollection of having received the letters of May 10, 1962.

The burden is on the Commonwealth to prove that the letters of May 10, 1962, were properly mailed in

order to create a presumption that the letters were received by petitioners.

The presumption that a letter properly mailed is received is based on the premise that it was properly mailed. Mailing means placed under the control of the officers of the postal department: Reynolds v. Maryland Casualty Company of Baltimore, 30 Pa. Superior Ct. 456, 459 (1906).

The Commonwealth called a witness who testified that she worked as a typist in the Traffic Safety Division of the Department of Revenue in the Finance Responsibility Division. She stated that it was her duty to prepare and mail form letters, copies of which were the letters of May 10, 1962, referred to above. On cross examination she said that there are no records kept of such letters and the same are sent as first class mail.

On cross examination she was asked the question, "But you couldn't say now definitely that you had sent these two letters addressed to these two people on that day?" She answered, "No, sir." The substance of her testimony was to the effect that she mailed out approximately 50 such form letters each day, but she could not testify that the two letters addressed to petitioners were prepared and mailed.

In the present case there is proof of an office custom, but no proof of the performance of the duty. We cannot presume the stenographer performed her duty and, upon that, base a presumption that the letter was received: Mankin v. Parry, 70 Pa. Superior Ct. 558 (1919). One presumption cannot be based upon another: Philadelphia City Passenger Railway Company v. Henrice, 92 Pa. 431 (1880) : Hall v. Pennsylvania Railroad Company, 60 Pa. Superior Ct. 235 (1915).

There is a doubt in our minds that the witness did type the originals of the letters of May 10, 1962.

The carbon copies of the form letters offered as

exhibits by the Commonwealth contained the typewritten initials "em" in the lower left-hand corner. These initials, we assume, are the initials of the person who typed the original of the letters of May 10, 1962. The name of the witness was Hilda Gehrke and her initials would be "HG".

If the official notifications had set forth specifically the amount required by the Secretary as security as was set forth in the form letters of May 10, 1962, there would have been, in our opinion, a compliance with section 1404(b) of The Vehicle Code. It is obvious that section 1404(b) of The Vehicle Code would be without purpose if a party is not advised of the amount of the security he is required to post as a condition precedent to the retention of his license. The dilemma in this case, however, is that the Commonwealth relied on the form letters to furnish the information as to the amount of security, but there was no proof submitted to the effect that the information as to the amount of security required by the secretary was received by petitioners.

The proceedings to suspend an operator's license are civil, not criminal. A license to operate a motor vehicle is not a contract or a right of property. It is a limited right to use a public highway. It is for the Commonwealth, acting through the legislature, to direct the conditions under which this right shall be exercised: Commonwealth v. Halteman, 192 Pa. Superior Ct. 379, 384 (1960). The legislature has directed how the right shall be exercised and makes provisions for the withdrawal of that right.

Since the Commonwealth did not produce testimony to the effect that the secretary had complied with the mandate of section 1404(b) of The Vehicle Code as to notice of the amount of security required of petitioners, he is without legal authority to issue the suspension orders.

We, therefore, make the following

### Conclusion of Law

1. The court has jurisdiction of the matter.

2. The official notifications of suspension of motor vehicle privileges given by the secretary to petitioners did not state the amount required as security as a condition precedent to the suspension of the operator's license of petitioner, Helen Rose Galazin, and the suspension of the registration of the automobile owned by Joseph Henry Galazin.

3. There was an abuse of discretion by the secretary in imposing the penalty of suspension under the circumstances of this case.

4. The appeal of petitioners must be sustained.

We, therefore, make the following

### Order

And now, December 3, 1962, the appeal of petitioners is sustained and the order of the Secretary of Revenue suspending the operator's license of Helen Rose Galazin and the ownership registration of Joseph Henry Galazin is reversed.