## Commonwealth v. Yorktowne Paper Mills, Inc.

*Lewis H. Markowitz, Markowitz & Kagen,* for appellant.

*Edward T. Baker,* for Commonwealth.

HERMAN, J., August 31, 1966.—This matter has been remanded to us by the Pennsylvania Supreme Court for the sole purpose of determining a fact which was neither stipulated by the parties nor otherwise established prior to the appeal taken to that court by the Commonwealth (419 Pa. 363 (1965)).

The fact in issue here is the date on which the Board of Finance and Revenue mailed to the taxpayer or his counsel the notice of its refusal of taxpayer's petition for review.*

The Commonwealth had contended in a motion to quash that the notice was mailed to counsel for the taxpayer on June 2, 1961, and that its appeal taken to this court on August 2, 1961, was, therefore, not timely filed. The taxpayer, through its attorney, maintains that the notice was mailed on June 6 and received at the attorney's office on June 7, and that the appeal was, therefore, within the required 60 days.

A hearing was held to resolve the issue of fact at which the Commonwealth, through Edward V. Ryan, the Secretary of the Board of Finance and Revenue in June of 1961 (formerly the deputy secretary), and

---

* Section 1104 of The Fiscal Code, Act of April 9, 1929, P. L. 343, as amended, 72 PS §1104:

"Any person . . . aggrieved by the decision of the Board of Finance and Revenue, . . . may within sixty (60) days, appeal to the court of common pleas of Dauphin County from the decision of the Board . . . [in a manner now or hereafter provided by law for appeals in the case of tax settlements] . . . The said sixty (60) day period shall begin to run: . . . (b) from the *date of mailing* of notice of the refusal of the petition for review. . . ." (Italics supplied)

Edward T. Baker, Esq., Deputy Attorney General, who at the time in question was counsel for the Board of Finance and Revenue, testified concerning the general practice of the board in mailing such notices.

The official minutes of the board, as well as a copy thereof offered in evidence, contained a notation at the foot and below the signature of the secretary and below the typed names of the members of the board; as follows:

"Copy Mailed To:                              on
                        Karkowitz & Kagen     June 2, 1961
                        Attorneys at Law
                        141 E. Market Street,
                        P. O. Box 682 — York, Pa.
                        ap                          11        "

Ryan testified that in his experience he never knew of an instance when an order of the board was not mailed on the date specified, but, of course, admitted that he did not specifically recall this order being mailed. He also testified that the letters "ap" at the bottom left of the notice were the initials of the stenographer who typed the order. This is significant in light of the testimony of Mr. Baker that during June, July and August, 1961, when he was counsel for the board, his secretary was Ann Phillips and that the letters "ap" were her initials; that she worked under his direction; and that it was his duty to see that an order of the board was mailed on the date specified. In answer to questions by the court, Baker stated that Miss Phillips was still employed as a secretary in the Board of Finance and Revenue, but was not called as a witness because "she wouldn't remember —".

On the other side, we have the testimony of Lewis H. Markowitz, Esq., who was counsel for Yorktowne Paper Mills, Inc., in this case from its inception and who testified categorically that the notice was received by him on June 7, 1961; and, further, that the enve-

lope which contained the notice was postmarked June 6, 1961. In elaboration of this testimony on cross-examination, he testified that while he no longer had the envelope, he did have a notation in his file made by him at the time of receipt of the notice that it was postmarked June 6, 1961. The court examined the folder with the notation and found that, for what it was worth, it stated "Envelope dated 6/6/61", which the witness said was in his handwriting. In further answer to questions by the court, Markowitz testified that on the very day that he received the notice from the board, he wrote to his clients advising them of the board's decision, and his copy of the letter which he exhibited was dated June 7, 1961.

We conclude that the appeal was timely.

While it is true, as the Commonwealth contends, that the certified copy of the board's record is admissible to prove every part therein set forth, we are not at all sure that the notation concerning the mailing of a copy, coming after the secretary's signature and the name of the members of the board, is a part of the record. The record basically is just what it says it is, a "Board of Finance and Revenue *Order*", and that order ends with the signature of the board's secretary and the names of the members of the board.

If we assume, however, that the notation of mailing is part of the board's record, then we find that in spite of the proofreading which allegedly was done, an error has crept in, for the names of the attorneys are *M*arkowitz & Kagen, and not *K*arkowitz & Kagen as shown. Could another error also have been made, this time in the date?

No positive direct testimony was produced that, in fact, this particular order was mailed on June 2, although the secretary of the board testified that he knew of no case in which the order of the board was not mailed on the date specified thereon; and counsel for

the board testified that in the *normal course of events*, the notice here in question would have been mailed out on the date stated.

The authorities cited by the Commonwealth concerning presumption are inapposite. We are not here faced with a presumption of *receipt* of a letter from the depositing of a properly addressed prepaid letter. Such a presumption, in Meierdierck v. Miller, 394 Pa. 484 (1959), was not nullified by oral testimony of the recipient that he failed to receive the letter. There, there was positive evidence that the letter was mailed —in the instant case, we have no such evidence.

Compare Harrison v. Welsh, 295 Pa. 501 (1929); Mankin v. Parry, 70 Pa. Superior Ct. 558 (1919), and Cutler Homes, Inc., v. DiMarco, Jr., 83 D. & C. 121 (Phila. 1952), and see Annot., 25 A. L. R. 9 (1923), where it is said:

"There appears to be some conflict as to what evidence of a private business custom or usage is sufficient to prove the mailing of a letter. In many if not the majority of cases, it is held that proof of a usage in the sender's office whereby letters deposited in a particular place are taken by an employee and mailed by him is not sufficient, standing alone, to establish the fact that a letter so deposited was mailed. In order that such evidence may be considered sufficient it must be accompanied with proof showing a compliance with the custom, as, for instance, the evidence of the employee whose duty it was to take letters so deposited, and mail them, that he actually did so".

To this same effect, see Brailsford v. Williams, 15 Md. 150 (1859); Gardam & Son v. Batterson, 198 N. Y. 175 (1910); Mankin v. Parry, supra. The same reasoning should apply to the *date* of mailing as to the actual mailing.

In the instant case, the custom was shown by the Commonwealth that the notices were mailed on the

date specified, but there was no testimony that the custom was here followed. There was no testimony as to whose duty it was to post the notices, and the secretary, Ann Phillips, who might have known or whose duty it might have been, was not called by the Commonwealth.

As the fact finder, considering all of the evidence bearing on the fact in issue, and taking judicial notice that June 2, 1961, was a Friday, we conclude that the notice was mailed on June 6, 1961, and that, therefore, the appeal taken on August 2, 1961, was timely.