## Commonwealth v. Snyder

*Elissa A. Parker,* Special Assistant Attorney General, for Commonwealth.

*John R. Gailey, Jr.,* for defendant.

BLAKEY, J., February 28, 1972.—This is a summary conviction proceeding based upon an alleged violation of an order of the Commonwealth Department of Environmental Resources contrary to sections 8 and 9 of the Air Pollution Control Act of January 8, 1960, P. L. (1959) 2119, as amended, 35 PS §§4008, 4009. Testimony was taken before the court. Defendant demurred at the close of the Commonwealth's case, and ruling being reserved without prejudice thereto, offered evidence in his own behalf.

On May 7, 1971, the department issued an order requiring defendant to take certain steps to abate air pollution, and in the final paragraph of said order directed defendant to submit to the department on or before June 15, 1971, a report of procedures implemented by defendant to meet said requirements. The Commonwealth proved the existence of the order by introducing a certified copy of same as required by Commonwealth v. Heindel, 42 D. & C. 2d 205, 80 York 209 (1967). The Commonwealth further established that defendant did not submit the report as directed.

In this criminal proceeding, it is necessary for the Commonwealth to prove that notice of said order had been given to defendant, and this element of the offense must be proved beyond a reasonable doubt: Commonwealth v. Moore, 47 D. & C. 2d 416 (1969); Commonwealth v. Galazin, 29 D. & C. 2d 701 (1962).

Certification that the order was "issued" does not prove that it was mailed. Compare the form of certification used by the Commonwealth in license suspension cases which not only certifies the fact of suspension but includes a certification that the notice was "mailed." We believe that issuance is normally understood to mean the entry of an order or decree or, as stated in Black's Law Dictionary, Fourth Edition, "giving a thing its first inception." The Commonwealth cites Johns' Estate, 253 Pa. 532 (1916), which held that the writ at issue had not been duly issued by the prothonotary until it had been delivered to the sheriff. Under the circumstances, the writ had no validity until it was so filed. However, an order of a department, like an order of this court, has initial validity apart from service or notice thereof which is a separate and additional act.

The Commonwealth seeks the benefit of the rule that there is a presumption, in the absence of proof to the contrary, that action of public officials has been taken pursuant to proper authority and that the antecedent steps necessary to give validity to such official acts were duly taken: McIntosh Road Materials Co. v. Woolworth et al., 365 Pa. 190 (1950). While this authority may support the validity of the order itself, which is not an issue here, the presumption does not extend to the additional and subsequent act of notice and to so contend is contrary to the requirement that the Commonwealth prove notice as stated in the cases first cited.

The Commonwealth further contends that notice can be and was proved by circumstantial evidence. The record does contain a certified copy of the order in the form of a carbon copy of a letter addressed to defendant preceded by the words "certified mail" plus a receipt card marked for return to the department

and signed by defendant to indicate that he had received some certified mail four days after the date of said order. However, the receipt card does not substitute for proof of mailing as there is nothing in the record to relate said receipt to the order other than proximity of time. It is clear that the department has been in repeated contact with defendant and we hesitate to assume that this order was the sole correspondence between the parties at the time in question. We are, in effect, asked to presume that the order was the mailing received after presuming that the letter was, in fact, mailed. As stated in Commonwealth v. Galazin, supra, page 705:

"One presumption cannot be based upon another."

Consequently, while we conclude that such circumstantial evidence is persuasive, and that it is more likely that defendant received the order than it is that he did not, since this is a criminal case where the standard of proof is not the fair preponderance of the evidence but proof beyond a reasonable doubt, we hold that the Commonwealth has not met the required burden.

In reaching this decision, we have considered the argument of the Commonwealth as set forth in Schomburg's Suspension, 11 Leb. 387 (1967), that the public policy behind the statutory authority for admission of certified copies into evidence is to avoid placing an unreasonable burden upon Commonwealth in producing original records as well as office employes to describe record and mailing procedures. However, this court has not found any case where there has not been some affirmative proof or certification of mailing. In Schomburg, the certification attested to such mailing. In Black, supra, the records that were introduced contained a notation setting forth the date that the notice was mailed. In Mankin v. Parry, 70 Pa. Superior Ct.

558 (1919), which provides the basis for the doctrine that notice can be proved by circumstantial evidence, there was affirmative proof of custom. None of these elements are present in the instant case. Further, we do not feel that the Commonwealth is unreasonably burdened by requiring some affirmative proof of mailing which could be supplied by a notation made in the normal course of business, by retaining the "white slip" issued by the post office upon receipt of certified mail with a number thereon which would relate to the receipt card, or by adding the fact of mailing to the certification as in the license suspension cases.

Weighing the possibility that the Commonwealth did not mail the order as required, and that a defendant in such instance would be unjustly convicted of a criminal offense against the ease with which the Commonwealth could affirmatively establish this element of its case, we are constrained to resolve the doubt that arises in favor of defendant.

Consequently, the demurrer is sustained.