Paul *v.* Dwyer (et al., Appellant).

230

Argued January 11, 1963.  Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Frank M. Jakobowski,* with him *White & Williams,*
for appellant.

*Philip Salkin,* with him *Pearlstine, Salkin & Hardi-
man,* for appellee.

Opinion by Mr. Justice Cohen, March 19, 1963:

Appellee obtained a judgment against Joseph Dwyer for injuries arising out of an accident on May 5, 1957. In an effort to collect on this judgment, appellee served a writ of attachment execution on appellant-insurer as garnishee. Appellant admitted that it had issued a policy of insurance to Dwyer covering the period from January 31, 1957 to October 3, 1957. It alleged, however, that the policy had been cancelled on April 24, 1957 for failure to pay premiums. This cancellation had been in pursuance of the following provision of the policy: "The company may cancel this policy by written notice addressed to the insured . . . stating that when not less than ten (10) days thereafter cancellation shall be effective. . . . The mailing of the notice shall be sufficient proof of notice. . . ." Appellant introduced evidence tending to prove that the notice of cancellation had been mailed on April 11, 1957.[1] Dwyer denied receiving any such notice.

The trial judge instructed the jury that the sole question before it was whether the notice of cancellation had been mailed. He told them that it was irrelevant whether the premium due had been paid or whether the notice of cancellation had actually been received by the insured. The jury returned a verdict for the appellee and this appeal followed the denial of appellant's motions for judgment n.o.v. and for a new trial.

Appellant raises four contentions before us: (1) that as a matter of law the court below should have declared the policy not in effect on the day of the accident in question because of a failure of consideration in not paying the premium due; (2) that the trial judge committed prejudicial error in telling the jury that he did not approve of the law applicable to the case; (3)

---

[1] Appellant's witnesses testified that the letter of cancellation was sent by ordinary mail.

that the trial judge gave improper instructions as to the quantum of proof required for appellant to sustain its burden of proving cancellation; (4) that the trial judge erred by referring to a presumption applicable to the question of whether the notice of cancellation was mailed.

As for the alleged failure of consideration, it is true that the insured had not paid any premiums to cover the period subsequent to April 3. Under the insurance policy, however, a mailing or delivery of a notice of cancellation was required to terminate the policy. Until such procedure is followed, the policy remains in effect regardless of whether premiums are paid. See *Levan v. Pottstown, Phoenixville Ry Co.,* 279 Pa. 381, 124 A. 2d 89 (1924); *Harris v. Meyers,* 160 Pa. Superior Ct. 607, 52 A. 2d 375 (1947); Couch on Insurance 2d, §32:60 (1961). The fact that appellant attempted to mail a notice of cancellation illustrates its understanding that the policy was not automatically terminated when the premium was not paid.

Since mailing of a notice of cancellation was required, and since appellant's evidence on this point was oral in nature, the question of cancellation was properly submitted to the jury. *Verecchia v. De Siato,* 353 Pa. 292, 45 A. 2d 8 (1946).

Secondly, appellant complains of the trial judge's statement to the jury that he did not approve of the fact that mere mailing served to fulfill the appellant's obligation to provide notice of cancellation to the insured. While we might agree with appellant as to the impropriety of this remark by the trial judge, we do not find that it was prejudicial error since he went on to tell the jury that, regardless of his opinion, mere mailing of the notice was sufficient. This case thus differs from *Lobalzo v. Varoli,* 409 Pa. 15, 185 A. 2d 557 (1962), where we were concerned with the indecision of the trial judge as to the applicable law, a problem not present here.

Appellant next alleges that the trial judge in explaining the burden of proof in a civil case stated that appellant had to prove cancellation "beyond a fair weight of the evidence" rather than "by a fair weight of the evidence." However, in reading the charge as a whole we find that the trial judge adequately corrected this inadvertent error.

The final contention raised by appellant relates to remarks made by the trial judge in his charge about a presumption applicable to the question of whether notice of cancellation was mailed. On examining the record, we find that counsel for appellant took a special exception to this part of the charge when given but did not assert this argument before the court en banc as a reason for the granting of a new trial. Orderly judicial procedure requires that appellant not be permitted to now raise the question, and we so hold. *Fidelity American Financial Corporation v. Bassman*, 393 Pa. 613, 144 A. 2d 841 (1958) ; *Masciantonio Will*, 392 Pa. 362, 141 A. 2d 362 (1958).

However, since the question of whether a particular letter was mailed often presents a common and troublesome factual determination, we will take this opportunity to clarify the confusion below on this point and also to guide future trials. There is a rebuttable presumption that a properly mailed letter was received. See *Cameron Estate*, 388 Pa. 25, 130 A. 2d 173 (1957). The question below, however, was whether the notice of cancellation was mailed. We know of no presumption applicable to this determination. In addition, mention of presumptions and the rebutting of presumptions—where not necessary—serves only to confuse the jury.[2]

Judgment affirmed.

Mr. Justice BENJAMIN R. JONES dissents.

---

[2] For example, the jury in this very trial sent a note to the court seeking an interpretation of the word "rebut" as used in the charge.