Christie *v.* Open Pantry Food Marts, Inc. of Delaware Valley, Appellant.

Argued September 8, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Justin G. Duryea,* with him *Duryea, Larzelere & Hepburn,* for appellant.

*John F. Christie, III,* and *High, Swartz, Roberts & Seidel,* submitted a brief for appellee.

OPINION BY HOFFMAN, J., December 1, 1975:

Appellant contends that the lower court abused its discretion in dismissing its petition to open confessed judgment.

On March 17, 1966, the appellant-lessee entered into a written lease to rent the business property located at 715 Lancaster Avenue, Bryn Mawr, Montgomery County, from the appellee-lessor. Pursuant to the terms of the lease, the monthly rental of $551.75 was due on the fifteenth day of each month. The lease further provided that the lessee would not be in default until and unless the lessor gave the lessee written notice of default and the lessee failed to remedy the default within fifteen days after receipt of such notice. If the default was not remedied within the fifteen day period, the lease empowered the lessor to confess judgment for the balance of the rent due for the unexpired term of the lease.

On February 22, 1974, the appellant received written notice that the rent due February 15, 1974, had not been paid. Believing the rent check to have crossed in the mail with the notice of default as had occurred in the previous month, the appellant took no action. On March 28, 1974, the appellee confessed judgment for $46,200.00, the balance of the rent due for the term of the lease, plus attorney's fees. On April 18, 1974, appellant filed its petition to open judgment, which was dismissed on February 24, 1975. This appeal followed.

A petition to open a judgment by confession is an appeal to the discretion of the lower court. *Wolgin v. Mickman,* 233 Pa. Superior Ct. 218, 335 A. 2d 824 (1975) ; *Bucks County Bank and Trust Co. v. DeGroot,* 226 Pa. Superior Ct. 419, 313 A. 2d 357 (1973). The lower court, however, may be reversed for an abuse of that discretion. *Wolgin v. Mickman,* supra; *Ritchey v. Mars,* 227 Pa. Superior Ct. 33, 324 A. 2d 513 (1974). In order to open a confessed judgment a party must act promptly and aver a meritorious defense.[1] *Wenger v. Ziegler,* 424 Pa. 268, 226 A. 2d 653 (1967) ; *Wolgin v. Mickman,* supra; *Cheltenham National Bank v. Snelling,* 230 Pa. Superior Ct. 498, 326 A. 2d 557 (1974). "In a proceeding to open a confessed judgment, '[i]f evidence is produced which in a jury trial would require the issues to be submitted to the jury, the court *shall* open the judgment.' Rule 2959(e), Pa. R. C. P., effective December 1, 1973. (Emphasis supplied.) 'Thus, a court can no longer weigh the evidence in support of the defense, but must only determine whether there is sufficient evidence to allow the issue to go to the jury.' *Ritchey v. Mars,* supra, 227 Pa. Superior Ct. at 36, n. 4, 324 A. 2d at 515, n. 4." *Wolgin v. Mickman,* supra at 221-222.

---

1. There is no contention that the appellant failed to act promptly by petitioning to open the judgment within three weeks of learning that the judgment had been confessed.

Appellant contends that it has raised the meritorious defense of payment because a rent check was made out to the order of the appellee on February 5, 1974, and to the knowledge of the appellant, his secretary mailed the rent check, along with rent checks for twenty-six other markets, in accordance with the appellant's customary office procedure. Under Pennsylvania law, when a letter is mailed, there is a presumption of receipt. *Berkowitz v. Mayflower Securities, Inc.,* 455 Pa. 531, 317 A. 2d 584 (1974) ; *Paul v. Dwyer,* 410 Pa. 229, 188 A. 2d 753 (1963). Because there was no evidence that the secretary *actually* mailed that rent check, the lower court concluded that the appellant had not raised a meritorious defense.

Evidence of a business custom, if regularly conducted and uniform, is often received in evidence. "Thus it is usually held that when a letter has been written and signed in the usual course of business and placed in the regular place of mailing, evidence of the custom of the establishment as to the mailing of such letters is receivable as evidence that it was duly mailed." McCormick, Evidence, §195 at 464 (2d ed. 1972); See also Fed. R. Evid. 406(a). While there is some disagreement as to whether such evidence alone is sufficient to show that the letter was mailed, "the more reasonable view is that the evidence is sufficient."[2] McCormick, supra at 465, n. 18. See *Simpson v. Jefferson Standard Life Insur. Co.,* 465 F.2d 1320 (6th Cir. 1972) ; *Leasing Associates, Inc. v. Slaughter & Sons, Inc.,* 450 F. 2d 174 (8th Cir. 1971) ; 25 A.L.R. 9 ; 85 A.L.R. 541. But see *Harrison v. Welsh,* 295 Pa. 501,

---

2. Professor McCormick notes that the testimony of the employee who does the mailing would only be cumulative since, considering the modern volume of corporate correspondence, he could not be expected to remember posting a particular letter or emptying the mail tray on a particular day and probably could only reiterate the executive's description of the office practice. McCormick, Evidence, §162 at 343, n. 13 (1954).

145 A. 507 (1929); *Mankin v. Parry,* 70 Pa. Superior Ct. 558 (1919). Under this view, therefore, the appellant presented sufficient evidence to show that the rent check was mailed. Even if we were to follow the other view requiring the corroborating evidence of the employee who actually mailed the letter, there is nothing in the record indicating that the secretary who mailed the rent check will be unavailable for testimony at trial. Because the appellant introduced enough evidence to show that the letter was mailed, the presumption of receipt is applicable. The appellant, therefore, has alleged "sufficient evidence to allow the issue to go to the jury."

The order of the lower court dismissing the petition to open is reversed.