## Chehovits v. Loedding

*Peter O. Steege,* for plaintiffs.
*Robert W. Lewis,* for defendant.

MANNIX, *J.*, September 12, 1980—It is a general rule that depositing a properly addressed prepaid letter in the post office raises the presumption of receipt by the addressee, and the subsequent denial of the receipt of the letter by the addressee does not nullify that presumption. The reason for the rule is that one who mails a letter is devoid of any ability to prove receipt of the letter by the addressee: Meierdierck v. Miller, 394 Pa. 484, 487, 147 A. 2d 406, 408 (1959).

In the case now before this court no testimony was given that the notice of the zoning hearing board's decision was deposited in a post office, but

there was testimony by the secretary of the zoning hearing board that on the Saturday morning following the board's hearing, she typed the notice in question at her home, and deposited it, addressed and postage prepaid, in an open box on the borough secretary's desk, which was designated for outgoing mail. Since the office was closed for the weekend, the earliest possible pickup for the mail would have been at least two days later, some time after the office opened on Monday morning. The borough secretary testified that she had no recollection of what letters were in the "out-box" or if there were any letters in it, nor did she have any recollection of seeing the postman pick up mail from the "out-box" on that day. No postal employe was called as a witness.

In the instant case, the court, as trier of fact, must weigh the evidence before it. On the one side, there is the testimony of the board's secretary as to her actions and the testimony of the zoning officer as to his receipt of a copy of the written decision within 45 days. On the other side, there is the testimony of the property owner that no written notice nor copy of the written decision by the hearing board was received until more than 90 days after the hearing and the uncontradicted testimony that no notice had been received by the borough council as of its meeting the following Tuesday night, October 8, despite the fact that the notice of the decision had been placed in the borough secretary's office in the box for outgoing mail on Saturday, October 5.

Defendant would have this court resolve the conflict in the testimony on the basis of Christie v. Open Pantry Food Marts, Inc. of Delaware Valley, 237 Pa. Superior Ct. 243, 352 A. 2d 165 (1975). Defendant relies upon Christie for the proposition

that proof of an office practice with regard to outgoing mail, such as was offered here, is sufficient evidence of mailing so as to invoke the presumption of receipt. However, the facts in the case now before this court are not analogous to the facts in Christie and, therefore, it is not controlling.

Christie dealt with an established, daily, regular office practice. Such is not the situation here. Our case is one involving a part-time employe, one who is not even a regular member of the borough's office staff and is, at best, an irregular user of the borough's office, who deposited the letter for mailing at a time which was not during regular office hours. Considering such factors as the time the letter was left in the out-box, the uncertainties as to whether it was in fact mailed, and the obvious opportunities for the letter's misplacement, the testimony available to this court falls short of establishing "mailing." No presumption of receipt can arise where the court is asked to presume that there was a mailing. One presumption may not be based on another: Mankin v. Parry, 70 Pa. Superior Ct. 558 (1919).

It is also relevant to point out that in addition to the 45 day limitation of section 908(9) of the Pennsylvania Municipalities Planning Code of July 31, 1968, P.L. 805, as amended, 53 P.S. §10908(9), the zoning hearing board was also required to comply with subsection (10) thereof, which provides in part: "A copy of the final decision . . . shall be delivered to the applicant personally or mailed to him not later than the day following its date." The hearing board failed to comply with this subsection in that its written notice of decision was not dated nor mailed the day following its date as required by the statutory provision. As Mr. Justice Musmanno, speaking for the entire court, emphasized in Humble Oil and Refining Co. v. East Lansdowne Bor-

ough, 424 Pa. 309, 314, 227 A. 2d 664, 667 (1967), quoting Blank v. Board of Adjustment, 390 Pa. 636, 639, 136 A. 2d 695 (1957): "'We have consistently required that the procedural provisions of zoning statutes be rigidly adhered to.'"

For the reasons stated above, the following order is entered.

## ORDER

And now, September 12, 1980, plaintiff's complaint in mandamus of April 23, 1980 is granted.

A writ of mandamus is issued directing defendant, Richard J. Loedding, in his capacity as Chief Zoning Officer of the Borough of Economy, to issue such building and/or zoning permits as necessary as to premises located at Mary Reed Road, Economy Borough, in accordance with the plans as presented to the Zoning Hearing Board of Economy Borough on October 3, 1979.

In addition, the Borough of Economy, on behalf of its Zoning Officer, Richard J. Loedding, defendant, is directed to pay all record costs of this mandamus proceeding.