## Efco Products v. Dunkin Donuts

*A. M. Matthews*, for plaintiff.
*Stephen L. Dugas*, for defendant.

COFFROTH, *P.J.*, November 10, 1980—This assumpsit action is before the court on plaintiff's motion to strike the judgment of non pros entered by defendant against plaintiff in this appeal from a civil judgment of the district justice of the peace, for failure of plaintiff to file a complaint after being ruled to do so within 20 days, on the following grounds:

(1) The appeal was not timely filed;

(2) Failure of defendant to file the certified mail return receipt card evidencing receipt of the appeal notice and rule, by plaintiff;

(3) Failure of defendant to serve or notify plaintiff's counsel of the appeal and rule, and entry of judgment.

### FACTS

This action was initially brought by plaintiff

against defendant before the district justice who gave judgment on the merits for plaintiff on December 13, 1979. On January 10, 1979, defendant filed an appeal to the court with a praecipe for a rule on plaintiff to file a complaint within 20 days after service of the rule "or suffer entry of judgment of non pros," in prescribed form and in accordance with 1004B.[1] The appeal and rule were mailed to plaintiff by certified mail on January 14, 1979, without serving or notifying plaintiff's counsel who was named in the original complaint filed with the district justice. On February 13, 1980, defendant filed a praecipe for judgment of non pros, plaintiff having filed no complaint, and judgment of non pros was entered for defendant on that date; notice of the entry of that judgment was given to plaintiff but not to plaintiff's counsel.

On or about April 1, 1980, counsel for plaintiff learned of entry of the non pros judgment, and on April 2, 1980, he filed the motion to strike which was mailed to defendant and defendant's counsel by certified mail on the same date.

## DISCUSSION

The authority for entry of judgment of non pros against a plaintiff for failure to comply with the rule to file a complaint in an appeal from a civil judgment of the district justice is impliedly authorized by Rule 1004B, quoted in note [1] supra, and is specifically authorized by Pa.R.C.P. 1037(a) which provides as follows:

---

1. Pa.R.C.P.J.P. 1004B provides: "B. If the appellant was the defendant in the action before the justice of the peace, he shall file with his notice of appeal a praecipe requesting the prothonotary to enter a rule as of course upon the appellee to file a complaint within twenty (20) days after service of the rule or suffer entry of a judgment of non pros."

"(a) If an action is not commenced by a complaint, the prothonotary, upon praecipe of the defendant, shall enter a rule upon the plaintiff to file a complaint. If a complaint is not filed within twenty (20) days after service of the rule, the prothonotary, upon praecipe of the defendant shall enter a judgment of non pros."[2]

Accordingly, while the procedure for entry of the judgment of non pros in such case is begun under the rules with issuance and service upon plaintiff of the appeal notice and rule to file the complaint, it shifts to the Rules of Civil Procedure for entry of the judgment which is accomplished under Rule 1037(a), supra, and for subsequent procedures in the action.

Before dealing with the specific issues presented, we are reminded that a judgment can be stricken only for a material defect apparent on the record; if relief depends upon proof of material facts outside the record, the remedy is a petition to open and the judgment may not be stricken: Keystone Bank v. Benford, 34 Somerset 312 (1978). To justify striking or opening a judgment of non pros for failure to file a complaint: (1) the motion or petition must be promptly filed, (2) the default must be reasonably explained or excused, and (3) facts must be presented which furnish substantive grounds for the relief sought, that is, a defect on the face of the record to warrant striking, a claim or defense on the merits to warrant opening. See Walker v. Penelec, 35 Somerset 233 (1978).

### Time For Appeal

This appeal was filed 27 days after entry of the

---

2. As stated in the Note to Rule 1004; "The procedure upon failure to file a complaint pursuant to a rule to do so entered under subdivision B will be governed by the Rules Of Civil Procedure (Pa.R.C.P. No. 1037(a))."

judgment. Plaintiff contends that Rule 1002 prescribes an appeal period of 20 days and that this appeal was therefore filed late. But plaintiff is incorrect in that contention; while Rule 1002 originally specified a 20 day appeal period, the rule was amended on April 25, 1979 to enlarge the period to 30 days, effective in 30 days. Compare Mayak v. Jonnet (No. 2), 39 Somerset 1 (1979), and Editor's Note thereto. Consequently, defendant's appeal in this case was timely filed.

### Service Of Appeal and Rule On Plaintiff

Service of an appeal from a civil judgment of a district justice, and of the rule upon a plaintiff appellee to file a complaint, are governed by Rule 1005A and B which provide as follows:

"Rule 1005. Service of Notice of Appeal and Other Papers.

"A. The appellant shall *by personal service or by certified or registered mail* serve a copy of his notice of appeal *upon the appellee and upon the justice of the peace* in whose office the judgment was rendered. If required by Rule 1004B to request a rule upon the appellee to file a complaint, he shall also serve the rule by *personal service or by certified or registered mail upon the appellee.* The address of the appellee for the purpose of service shall be his address as listed on the complaint form filed in the office of the justice of the peace or as otherwise appearing in the records of that office. If the appellee has an attorney of record named in the complaint form filed in the office of the justice of the peace, the service upon the appellee may be made upon the attorney of record instead of upon the appellee personally.

"B. The appellant shall file with the prothonotary proof of service of copies of his notice of appeal,

and proof of service of a rule upon the appellee to file a complaint if required to request such a rule by Rule 1004B, within five (5) days after filing the notice of appeal." (Emphasis supplied.)

There is no support in the foregoing language for plaintiff's argument that service by certified mail is incomplete without proof of receipt thereof and that the proof of service must include the certified mail return receipt; the fair implication from the rule's language is that *mailing* by certified or registered mail completes service. In addition, Rule 1001(8) settles any argument about the matter by providing that: "Service 'by certified or registered mail' means the *mailing* of properly addressed certified or registered mail" (emphasis supplied), and Rule 1001(9) defines "proof of service" as "a sworn written statement that service was made by personal service or by certified or registered mail, with the sender's receipt for certified or registered mail attached thereto if service was made by mail." In this case the sworn written return of service is filed with the sender's receipt attached. Obviously, proof of receipt is not essential to service.[2a]

Finally, a rule requiring proof of receipt of mailed service would be an unwise and unworkable rule; the addressee could avoid service by mail merely by refusing delivery, analogous to evading service of process by failing or refusing to read it as in Com. v. Hostetler, 29 Somerset 3 (1973).[3]

---

2a. In civil cases, proof of mailing carries with it a rebuttable presumption of receipt. See: Christie v. Open Pantry Food Marts, 237 Pa. Superior Ct. 243, 352 A. 2d 165 (1975); Com. v. Marts, 29 Somerset 1 (1973).There is no rebutting evidence in this case.

3. Plaintiff also cites local Rule R41-206 as requiring filing of the return receipt card for certified or registered mail, but that rule applies only to filing accounts in the Orphans' Court

## Service Upon and Notice To Counsel

Plaintiff's contention that notice of appeal and the rule upon plaintiff to file the complaint must be served upon his counsel of record is untenable. There is no support for it in the rules. Rule 1005A, quoted supra, which governs such service, clearly states that the appeal notice shall be served "upon the appellee and upon the justice of the peace," and that appellant "shall also serve the rule upon the apellee"; as to service upon appellee's counsel in such case, the last sentence of Rule 1005A states that: "If the appellee has an attorney of record named in the complaint form filed in the office of the justice of the peace, the service upon the appellee may be made upon the attorney of record instead of upon the appellee personally."

Obviously, according to that language service upon counsel is only an optional alternative, notwithstanding prevailing contrary notions of professional courtesy, and in this case defendant-appellant permissibly elected to serve plaintiff instead of plaintiff's counsel. It is immaterial that appellant or his counsel knew of the identity of appellee's counsel, or that appellee's counsel was named in the original complaint before the district justice, as is the case here; since plaintiff was properly served with the notice and rule the obligation rests upon him to heed its warning and to notify his counsel of his receipt of service if he wishes to proceed any further.

Other rules of civil procedure require certain notices before and after entry of judgment, but

division of the court, not to civil actions. Moreover, such a local court requirement could not override Supreme Court Rules 1001 and 1005, supra, which provide for service by mailing only. See Mayak v. Jonnet (No. 3), 30 Somerset 7 (1979), Appendix note [4].

none of them would require notice to counsel in this case. Pa.R.C.P. 237 requires prior notice of a praecipe for judgment in certain cases, as follows:

"Rule 237. Notice of Praecipe for Final Judgment or Decree.

"No praecipe for judgment on a verdict, or for judgment on a decision in a trial without a jury or for a final decree following a decree nisi in equity shall be accepted by the prothonotary unless it includes a certificate that a copy of the praecipe has been mailed to each other party who has appeared in the action or to his attorney of record."

That rule by its terms applies only to the cases there enumerated and is inapplicable to a praecipe for judgment of non pros. Rule 237.1(a) requires prior notice to both the opponent and counsel of entry of judgment by default, but subparagraph (b) of the rule makes it inapplicable to "a judgment entered pursuant to an order of court or rule to show cause;" thus, although a judgment of non pros for failure to file a complaint is a species of default judgment, the rule to file the complaint allowing 20 days for filing is the equivalent of a rule to show cause and performs the function of prejudgment notice which is sufficient when properly served directly on plaintiff; as stated in the explanatory note to the rule:

"A familiar illustration of a situation where notice is not required is a judgment of non pros under Rule 1037(a). Where an action is commenced by a writ of summons without a complaint, a defendant by praecipe may enter a rule as of course upon the plaintiff to file a complaint within 20 days after service of the rule or suffer judgment of non pros. Upon failure to file the complaint within the time fixed, the defendant can proceed by praecipe to have a judgment of non pros entered by

the prothonotary. Here, a further notice of intent to enter the default would be unjustified. The plaintiff has already received a 20-day notice."

Here the action in the court is also commenced without complaint. Rule 236(a) requires that the prothonotary give immediate "written notice by ordinary mail of the entry of any order, decree or judgment . . . to each party who has appeared in the action *or* to the party's attorney of record." (Emphasis supplied.) In this case, notice was given to plaintiff which satisfies the rule; plaintiff had no counsel of record in the prothonotary's office until the motion to strike was filed.[3a]

Accordingly, we cannot strike the judgment for want of service upon or notice to plaintiff's counsel.

## CONCLUSION

There is no defect on the face of the record of this judgment which would authorize us to strike the judgment, and the motion must be denied. And since plaintiff was properly served with the notice and rule and took no action in accordance with their terms, plaintiff presents no equity supporting relief from the judgment.[4]

---

3a. Rule 236 (a) may determine the issue of timeliness of filing motion or petition to strike or open the judgment: Corcoran v. Fiorentino, 277 Pa. Superior Ct. 256, 419 A. 2d 759 (1980).

4. The notice and rule served on plaintiff states: "(1) You are notified that a rule is hereby entered upon you to file a complaint in this appeal within twenty (20) days after the date of service of this rule upon you by personal service or by certified or registered mail.

(2) If you do not file a complaint within this time, a JUDGMENT OF NON PROS WILL BE ENTERED AGAINST YOU.

(3) The date of service of this rule if service was by mail is the date of mailing." (Emphasis in original.)

144

## ORDER

Now, November 10, 1980, plaintiff's motion to strike defendant's judgment of non pros against plaintiff for failure to file a complaint is denied. Costs on plaintiff.