575 A.2d 978

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

v.

**Edwin R. WHITNEY, Jr., Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Mar. 23, 1990.

Decided June 8, 1990.

438

David R. White, Asst. Counsel, with him, Harold H. Cramer, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, for appellant.

William R. Lee, Scranton, for appellee.

Before PALLADINO and SMITH, JJ., and BARBIERI, Senior Judge.

PALLADINO, Judge.

The Department of Transportation (DOT) appeals from an order of the Court of Common Pleas of Lackawanna County (trial court), sustaining Edwin R. Whitney, Jr.'s (Licensee) appeal of a one-year suspension of his driving privileges for failure to submit to a chemical test. We reverse.

On March 10, 1986, Licensee refused to submit to a chemical test. By a letter dated March 23, 1986, DOT notified Licensee that his license would be suspended for

one year for refusing to submit to the chemical test pursuant to Section 1547 of the Vehicle Code, 75 Pa. C.S. § 1547. Licensee appealed to the trial court. On September 29, 1986, the trial court entered an order denying the appeal.

On August 4, 1988, DOT wrote to the trial court alleging that DOT had not received notification of any disposition in this matter. On August 16, 1988, DOT received a copy of the September 29, 1986 order. DOT mailed a notice of suspension to Licensee which Licensee appealed to the trial court alleging that the delay was attributable to DOT and that he changed his position in reliance on DOT's failure to suspend his license. After a hearing, the trial court sustained the appeal.

On appeal to this court, DOT contends that Licensee has failed to prove a delay attributable to DOT and that Licensee has failed to prove sufficient prejudice to sustain an appeal of a license suspension. Our scope of review in a motor vehicle license suspension appeal is limited to a determination of whether the trial court's findings of fact are supported by competent evidence, errors of law have been committed or the court's decision demonstrates a manifest abuse of discretion. *Books v. Department of Transportation, Bureau of Driver Licensing*, 109 Pa. Commonwealth Ct. 25, 530 A.2d 972 (1987).

A trial court may reverse the suspension of a license when the licensee proves that the delay in the suspension of the license was attributable to DOT, and the licensee changed his position in reliance on the failure to suspend. *Department of Transportation, Bureau of Traffic Safety v. Davis*, 106 Pa. Commonwealth Ct. 613, 527 A.2d 607 (1987).

Before the trial court, Licensee and DOT stipulated that the notice of decision is ordinarily sent to both counsel for DOT and the licensee at the end of a case. Licensee did not offer any other evidence to prove that the order was actually mailed to DOT or that DOT actually received the order. However, there is a presumption that a

letter which is actually mailed is received by the party to whom it is sent. *Davis.* The trial court found that "[t]he presumptions of receiving notice of disposition of first appeal are that both sides received [sic] copy of Judge Munley's order. The delay in suspending Whitney's license must be attributed to the Commonwealth." *Whitney v. Department of Transportation, Bureau of Traffic Safety,* (No. 88–CIV–5528, Court of Common Pleas of Lackawanna County, filed April 12, 1989), slip op. at 2–3.

DOT contends that there is insufficient evidence to support the presumption of receipt of the letter because there is no evidence that the order was ever mailed. Licensee contends that the "[e]vidence of a business custom, if regularly conducted and uniform, can establish mailing and thus presumption of receipt." Licensee's brief at 2. Licensee contends that the stipulation proves the existence of a business custom.

 Licensee's argument is based on *Christie v. Open Pantry Food Marts, Inc. of Delaware Valley,* 237 Pa. Superior Ct. 243, 352 A.2d 165 (1975). In *Christie,* the superior court noted that where a letter is written and signed in the usual course of business and placed in the regular place of mailing, evidence of a business custom establishing the mailing of such a letter is evidence that the letter was so mailed. However, in the case at hand, there is no evidence that the notice of the order was properly prepared and placed in the regular place for mail. Furthermore, Licensee's position would require us to presume that the notification of the order was properly mailed in order to presume that the letter was actually received. A presumption that a letter was received cannot be based upon a presumption that the letter was properly mailed. A presumption cannot be based on a presumption. *See Philadelphia City Passenger Ry. Co. v. Hendrice,* 92 Pa. 431 (1880); *Mankin v. Parry,* 70 Pa. Superior Ct. 558 (1919). By failing to prove that DOT received the September 29, 1986

order, Licensee failed to carry his burden of demonstrating a delay attributable to DOT.[1]

Accordingly, the order of the trial court is reversed.

## ORDER

AND NOW, June 8, 1990, the order of the Court of Common Pleas of Lackawanna County in the above-captioned matter is reversed.

CRUMLISH, Former President Judge, did not participate in the decision in this case.

---

**1.** Because of our disposition of this issue, we will not address DOT's argument that Licensee failed to prove that he changed his circumstances to his detriment relying on DOT's inaction.