## Blasy v. Chester County Mutual Insurance Co.

*Roger J. Harrington,* for plaintiffs.
*James H. Heller,* for defendant.

LOWE, *J.,* June 27, 1990 — This matter is on appeal before the Superior Court of Pennsylvania following an order entered by the undersigned granting a motion for summary judgment of defendant Chester County Mutual Insurance Company, and dismissing the complaint of plaintiffs William and Leontine Blasy.

On August 1, 1986, defendant, Chester County Mutual Insurance Company, issued to plaintiffs, William and Leontine Blasy, a homeowners policy. The coverage was to commence August 1, 1986 and expire August 1, 1987. Defendant was at all times willing to renew the policy, as long as plaintiffs paid the renewal premium on or before August 1, 1987. Plaintiffs failed to pay the premium on or before the due date. In fact plaintiffs have never paid the

premium, and have purchased homeowners insurance through another company. Unfortunately for plaintiffs, their new policy did not provide coverage until August 6, 1987. On August 3, 1987, the plaintiffs' home suffered water damage and plaintiffs notified Chester County Mutual Insurance Company of the loss, expecting it to pay for their loss. Under both Pennsylvania law, 40 P.S. §1171.5, and the conditions of the plaintiffs' insurance policy, Chester County Mutual Insurance Company would have had to follow certain procedures in order to cancel the plaintiffs' insurance policy. Due to these requirements the insurance company did not complete its cancellation procedure until October 6, 1987. Defendant argues that this was not relevant, because plaintiffs through their actions effectively canceled the policy. The trial court agreed and issued an order for summary judgment.

Plaintiffs have filed a concise statement which alleges that they made no overt action which would have canceled their policy with Chester County Insurance Company. Therefore, plaintiffs did not effectively cancel their policy and the insurance company should be obligated to follow the procedures set forth in 40 P.S. §1171.5 in order to terminate its policy. Inasmuch as defendant did not fulfill the procedural requirements of the law until October 6, 1987, plaintiffs argue their homeowners policy was still in effect on August 3, 1987.

The essence of plaintiffs' first two allegations is that the mere non-payment of a premium should not be considered an overt act calculated to inform defendant that they were canceling their insurance policy. Unless plaintiffs took such an overt action, the policy remains in effect until defendant completes the procedures outlined in 40 P.S. §1171.5.

Plaintiffs cite *Paul v. Dwyer,* 410 Pa. 229, 188 A.2d 753 (1963), a case in which the Pennsylvania Supreme Court found that an insurance policy which required a mailing or delivery of notice of cancellation remained in effect regardless of payment of premiums, until such mailing or delivery of notice occurs. What plaintiffs fail to acknowledge is that the purpose of the notice requirement on the insurance policy, and the purpose of 40 P.S. §1171.5, is to insure that policy owners do not unknowingly find themselves without coverage.

The public policy concern is the reason that insurance companies must follow so many procedures before canceling an insured's coverage and the reason that the insured must make a clear, unequivocal overt act before the revocation becomes effective. The important consideration in this scenario is that the insured was aware of the fact that he no longer had coverage. If such an awareness exists, then there is no need for the insurance company to confirm the insured's knowledge. See *Coppola v. Insurance Placement Facility of Pennsylvania,* 386 Pa. Super. 413, 563 A.2d 134 (1989).

That plaintiffs were aware that their policy was no longer in effect was evidenced by the fact that they did not pay their premium on time; have not paid their premium to this date; and in fact purchased insurance from another company. Such a deliberate refusal to pay a renewal premium can constitute an overt act sufficient to cancel an insurance policy. *Federal Kemper Insurance Company v. Commonwealth Insurance Department,* 509 Pa. 1, 500 A.2d 796 (1985).

In circumstances similar to those of the Blasys, the insured in *Federal Kemper, supra,* was given a chance to renew his automobile insurance policy, knowing that without payment his coverage would

run only up to the date of renewal. When the insured in *Kemper* had an accident after the renewal date, the fact that he had not paid his renewal fee on time was sufficient to cancel his insurance policy. Even though plaintiffs' case deals with homeowners rather than automobile insurance, and the statutes outlining the procedures for cancellation are different for the two types of insurance, the public policy that lies behind the two statutes is the same.

The purpose behind 49 P.S. §1171.5 for homeowners insurance, and 40 P.S. §1008.6 for automobile insurance, is that the insured be informed when his policy is no longer viable. Since it is the insured's knowledge and not the insurer's notification that we are concerned with, the overt act requirement should be interpreted to mean an action in which the insured makes a conscious decision to discontinue his or her insurance coverage.

The Blasys' decision not to pay the premium was a conscious and calculated move on their part. They should not now be heard to contend that the insurance company's denial of coverage came as a shock to them. As the court found in *Coppola v. Insurance Placement Facility of Pennsylvania, supra,* the fact that an insurance company is not notified of a cancellation is irrelevant in determining whether an insured manifested an intent to cancel. By purchasing another policy from a different company, and refusing to pay the renewal premium on the old policy, the Blasys evinced an unequivocal intent to cancel.

One condition of plaintiffs' policy is that they pay the premium. Not only did plaintiffs fail to do this when the premium was due, they have yet to do it. The insureds should not be allowed to insist that the insurance company scrupulously follow each of its

obligations while the insureds renege on the one obligation that is required of them. As the court observed in *Butler v. Bankers Mutual Fire Insurance Co.,* 76 D.&C. 352, 354 (1951), an insured "cannot insist on the portion of the policy which is favorable to him and repudiate the remainder." Plaintiffs want the protection that the homeowners policy would provide but they refuse to pay for that protection. When plaintiffs refused to pay their premium, they breached the contract, and thereby rendered the insurer's obligations null and void.

The order of this court awarding summary judgment to defendant Chester County Mutual Insurance Company should be affirmed.