**APPEAL OF: RURAL ROUTE NEIGH-BORS, Andrew J. & Gina Stockdale, Charles G. & Nancy A. Zerbe, Karen D. Heeter and Deborah L. Slattery From The Decision of the Zoning Hearing Board of East Buffalo Township in the Challenges to the Substantive Validity of Ordinances Nos. 272 and 237.**

**Appeal of: Craigarm LP.**

Commonwealth Court of Pennsylvania.

Argued Sept. 11, 2008.

Decided Oct. 22, 2008.

Reargument Denied Dec. 23, 2008.

Ronald M. Lucas, Harrisburg, for appellant, Craigarm, L.P.

William C. Crosswell, Lancaster, for appellees, Rural Route Neighbors, Andrew J. & Gina Stockdale, Charles G. & Nancy A. Zerbe, Karen D. Heeter and Deborah L. Slattery.

BEFORE: PELLEGRINI, Judge, FRIEDMAN, Judge, and LEAVITT, Judge.

OPINION BY Judge FRIEDMAN.

Craigarm LP (Craigarm) appeals from the May 9, 2007, order of the Court of Common Pleas of the 17th Judicial District of Pennsylvania, Union County Branch (trial court), which reversed the decision of the Zoning Hearing Board (ZHB) of East Buffalo Township (Township) and declared Township Ordinances Nos. 272 and 273 procedurally invalid. We reverse and remand.

On November 7, 2005, the Township Board of Supervisors adopted two ordinances that amended the Township Zoning Ordinance of 1996 and rezoned property owned by Craigarm from Low Density Residential to Highway Commercial. On December 7, 2005, Rural Route Neighbors, Andrew J. and Gina Stockdale, Charles G. and Nancy A. Zerbe, Karen D. Heeter and Deborah L. Slattery (collectively, Neighbors) filed an application for appeal, challenging the procedural validity of the two amending ordinances and the substantive validity of the Township Zoning Ordinance of 1996 as newly amended. The ZHB dismissed the substantive challenge on the basis that it was not ripe. Proceedings continued on Neighbors' procedural challenge to the amending ordinances.

Among the issues raised by Neighbors was whether the Township complied with section 609(g) of the Pennsylvania Municipalities Planning Code [1] (MPC), which provides that, "[w]ithin 30 days after enactment, a copy of the amendment to the zoning ordinance *shall be forwarded to the county planning agency* or, in counties where no planning agency exists, to the governing body of the county in which the municipality is located." 53 P.S. § 10609(g) (emphasis added).

With respect to this issue, the Township offered the testimony of Township Solicitor Peter L. Matson (Matson). Matson testified that he forwarded copies of the ordinances to the Union County Planning Department (Planning Department) on December 5, 2005. Matson explained that, until the Planning Department moved to a

---

1. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10609(g).

different building,[2] his practice was to personally deliver copies of newly enacted ordinances to their office. Matson testified that, in light of the move, copies of the two amending ordinances were sent to the Planning Department by regular mail on December 5, 2005, along with a delivery receipt and a cover letter asking that the enclosed receipt be signed and returned. The address on the December 5th letter was "Union County Government Center, North 15th Street, Lewisburg, PA 17837," the Planning Department's new address. (R.R. at 78a–79a, 138a–41a.)

Matson stated that, on December 20, 2005, after realizing that the receipt had not been returned, he physically delivered copies of the ordinances to the Planning Department and obtained a signature on the receipt. Matson acknowledged that the Planning Department had no record of receiving the ordinances prior to December 20, 2005. He also confirmed that the envelope allegedly mailed on December 5th was not returned to his office as undelivered. In addition, he testified that he did not specifically recall seeing the letter to the Planning Department placed in an envelope or seeing the envelope stamped and mailed to the Planning Department. However, Matson explained that the normal practice in his office was for a secretary to take correspondence from a tray on his desk, type letters, mail them and place a copy in the file. Matson also stated that the normal practice is to date a letter the same date it is mailed. Matson testified that he had a copy of the December 5th cover letter in the file and that, to the best of his knowledge, in accordance with customary office procedures, copies of the two ordinances were sent to the Planning Department with the cover letter and receipt

on December 5, 2005. (R.R. at 78a–87a, 97a–98a, 191a, 206a, 225a–26a.) Matson also submitted an affidavit attesting that the procedures described above are those utilized by his office for the mailing of correspondence. (R.R. at 190a.)

On August 22, 2006, the ZHB unanimously voted to dismiss Neighbors' procedural challenge, concluding that the Township Board of Supervisors complied with all of the procedural requirements pertaining to the amendment of zoning ordinances set forth by the MPC. The ZHB specifically addressed the requirement of section 609(g) in its Findings of Fact, No. 55, which states as follows:

> On December 5, 2005, Township Solicitor Matson forwarded copies of East Buffalo Ordinances 272 and 273, as executed by the Board of Supervisors, to the Union County Planning Commission. The Union County Planning Commission did not acknowledge receipt of copies of the ordinances until December 20, 2005, which delay may have been caused by the circumstance that, during this time the Union County Planning Department moved to a different location. (CR Binder, Tabs 28 and 30; N.T. 6–28–06, p. 62–65, 105–106.)

(ZHB's op. at 11) (emphasis added).

■ Neighbors filed a Notice of Land Use Appeal with the trial court, arguing, inter alia, that the record did not contain sufficient credible evidence to support the ZHB's finding that Matson forwarded copies of the adopted ordinances to the Planning Department on December 5, 2005. The trial court reviewed Matson's testimony in detail and emphasized the following: Matson's prior practice was to deliver per-

2. Precisely when the Planning Department moved its office is not clear. Matson did not specifically recall when the move took place. He first stated that the Planning Department moved in November or early December. He also stated that the Planning Department had just moved or moved soon after the December 5th letter was mailed. (R.R. at 85a, 98a.)

sonally copies of newly enacted ordinances to the Planning Department; Matson did not have an independent recollection that the copies actually were mailed on December 5th; the Planning Department had no record of receiving the materials purportedly mailed; and the same were not returned to Matson's office. The trial court also opined that evidence concerning the Township Solicitor's normal office procedures for the mailing of correspondence was not relevant to the issue of the procedure used to forward copies of ordinances. The trial court determined that the record evidence did not support the ZHB's necessary finding and concluded that the Township's failure to comply with section 609(g) of the MPC rendered the ordinances procedurally invalid.[3] Craigarm, which filed a Notice of Intervention with the trial court, now appeals to this court.[4]

■■■ Craigarm first argues that the trial court exceeded its scope of review, abused its discretion and committed legal error by substituting its judgment for that of the ZHB. The role of the zoning hearing board is that of fact-finder. *Chrin Brothers, Inc. v. Williams Township Zoning Hearing Board,* 815 A.2d 1179 (Pa. Cmwlth.2003). A reviewing court may not substitute its judgment for that of the zoning hearing board; rather, the court is bound by the zoning hearing board's determinations of witness credibility and evidentiary weight. *Lamar Advertising of*

*Penn, LLC v. Zoning Hearing Board,* 915 A.2d 705 (Pa.Cmwlth.), *appeal denied,* 592 Pa. 792, 927 A.2d 626 (2007).

■■ Craigarm asserts that the trial court exceeded its scope of review by reweighing Matson's testimony. We agree. A review of the trial court's opinion reflects that the court went beyond the appropriate confines of appellate review and, assuming the role of fact-finder, overruled the ZHB's determinations concerning the weight to be accorded this evidence. For example, the trial court stated:

> [W]e do not believe that Attorney Matson's *office practice for mailing correspondence* is relevant to this issue ... we conclude that the record herein establishes that: Attorney Matson's past practice with regard to the forwarding of enacted township resolutions and/or ordinances to the Union County Planning Department was to *personally* deliver copies of the same to the Planning Department ... [W]e must consider that in prior hearings Attorney Matson was less certain with regard to the December 5, 2005, forwarding date.

(Trial ct. op. at 10, 12) (emphasis in original.) As demonstrated by this language, the trial court impermissibly adopted the role of fact-finder and re-considered the weight to be accorded Matson's testimony.

■■ Craigarm also argues that the trial court erred in concluding that the

---

3. The trial court also granted Neighbors' appeal with respect to the Notice of Intervention filed by the Township, striking the Notice of Intervention on the grounds that it was not timely filed. The trial court did not address the remaining issues that Neighbors raised on appeal, (*see* trial ct. op. at 3, 13).

4. Where, as here, the trial court has not received additional evidence, our scope of review on appeal from a zoning hearing board's decision is limited to determining whether the zoning hearing board abused its discretion or

committed an error of law. *Chrin Brothers, Inc. v. Williams Township Zoning Hearing Board,* 815 A.2d 1179 (Pa.Cmwlth.2003). A conclusion that the zoning hearing board abused its discretion may be reached only if the zoning hearing board's findings are not supported by substantial evidence. *Id.* Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983).

ZHB's Findings of Fact, No. 55 was not supported by substantial evidence. Again, we agree. In finding that Matson forwarded copies of the ordinances to the Planning Department on December 5, 2005, the ZHB relied on Matson's affidavit and testimony outlining the procedures followed by his office and establishing that a copy of the December 5, 2005, cover letter was in the file. Contrary to Neighbors' assertions, circumstantial evidence, where properly proved, is entitled to as much weight as direct evidence, *A.B. ex rel. Bennett v. Slippery Rock Area School District,* 906 A.2d 674 (Pa.Cmwlth.2006), *appeal denied,* 591 Pa. 705, 918 A.2d 747 (2007), and, therefore, the Township was not required to present direct evidence in order to establish that copies of the ordinances were forwarded to the Planning Department on December 5, 2005. In addition, the factfinder's authority to draw all reasonable inferences from the evidence presented is well-settled.[5] Thus, when a party who has the burden of proof relies upon circumstantial evidence and inferences reasonably deducible therefrom, such evidence will prevail if, in the mind of the factfinder, it is adequate to establish the conclusion sought and so preponderates in favor of that conclusion as to outweigh any other evidence and reasonable inferences. *Ellis v. City of Pittsburgh,* 703 A.2d 593 (Pa.Cmwlth.1997), *appeal denied,* 555 Pa. 734, 725 A.2d 184 (1998). Here, the ZHB drew a reasonable inference, supported by Matson's testimony, that it was more likely than not that the Township Solicitor forwarded copies of the ordinances to the Planning Department on December 5, 2005.

Neighbors argue that, under cases applying the "mailbox rule," evidence of customary mailing procedures is not sufficient to prove that the documents were mailed in a timely fashion. The common law "mailbox rule," which has long been the law of this Commonwealth, provides that the depositing in the post office of a properly addressed letter with prepaid postage raises a natural presumption that the letter reached its destination by due course of mail. *Commonwealth v. Thomas,* 814 A.2d 754 (Pa.Super.2002). Thus, under the "mailbox rule," evidence that a letter has been mailed ordinarily will be sufficient to permit a fact-finder to find that the letter was, in fact, received by the party to whom it was addressed. *Id.* In order for the presumption of the receipt of a letter to be triggered, the party who is seeking the benefit of the presumption must adduce evidentiary proof that the letter was signed in the usual course of business and placed in the regular place of mailing. *Id.* Our courts have explained that "[a] presumption that a letter was received cannot be based on a presumption that the letter was properly mailed." *Department of Transportation, Bureau of Driver Licensing v. Whitney,* 133 Pa. Cmwlth. 437, 575 A.2d 978, 979 (1990).

However, in the present case, Neighbors concede that section 609(g) of the MPC does not require the Township to establish that the Planning Department actually *received* copies of the ordinances within thirty-days of their enactment. Rather, section 609(g) only requires that newly enacted ordinances be *forwarded* to the appropriate county agency within thirty days. (Trial ct. op. at 9; Appellees' brief at 20–21.) Because the fact to be

---

5. This principle has been applied in a variety of cases. *See, e.g., Lehigh County Vo–Tech School v. Workmen's Compensation Appeal Board (Wolfe),* 539 Pa. 322, 652 A.2d 797 (1995); *James Corporation v. North Allegheny School District,* 938 A.2d 474 (Pa.Cmwlth. 2007); *Ellis v. City of Pittsburgh,* 703 A.2d 593 (Pa.Cmwlth.1997), *appeal denied,* 555 Pa. 734, 725 A.2d 184 (1998).

proved here is the sending, not the receiving, of documents, the evidentiary threshold for application of the mailbox rule's presumption of receipt is inapplicable, and Neighbors' reliance on the mailbox rule is misplaced.

▮▮▮ Evidence concerning the customary procedures for mailing of letters is generally accepted as sufficient to establish that a letter was mailed. *Christie v. Open Pantry Food Marts, Inc.*, 237 Pa.Super. 243, 352 A.2d 165 (1975). "While there is some disagreement as to whether such evidence alone is sufficient to show that the letter was mailed, 'the more reasonable view is that the evidence is sufficient.'" *Id.* at 167 (quoting McCormick, Evidence, § 195 at 465, n. 18 (2d ed.1972)). The question of whether a particular item was actually mailed is a purely factual determination. *Paul v. Dwyer*, 410 Pa. 229, 188 A.2d 753 (1963); *Thomas.*[6] The ZHB, as fact-finder, had exclusive authority to determine the weight to be accorded evidence on this issue, and we conclude that the ZHB neither abused its discretion nor committed an error of law in reaching its decision.

Accordingly, we reverse the trial court's order, and we remand this matter to the trial court for its consideration of the remaining issues Neighbors raise on appeal.

### ORDER

AND NOW, this 22nd day of October, 2008, the order of the Court of Common Pleas of the 17th Judicial District of Pennsylvania, Union County Branch, is hereby reversed and the matter is remanded for consideration of the remaining issues raised in this appeal.

Jurisdiction relinquished.

### DISSENTING OPINION BY Judge LEAVITT.

Respectfully, I dissent. I would affirm the trial court's holding that the facts found by the Board did not support the legal conclusion that Attorney Matson forwarded the two ordinances to the Planning Commission thirty days after their passage, as required.

It was the burden of the Township to prove that the two new ordinances were "forwarded" to the Planning Commission.[1] Section 609(g) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* provides that "[w]ithin 30 days after enactment, a copy of the amendment to the zoning ordinance shall be forwarded to the county planning agency." 53 P.S. § 10609(g). Matson testified that he assumed the ordinances had been forwarded based on his office file copies of the unsigned letter and the receipt, both dated December 5, 2005, that would have, customarily, been sent out with the ordinances on that same date.

Matson further testified that he checked to see if the ordinances had been received

---

6. *See also Commonwealth v. Youngkin*, 285 Pa.Super. 417, 427 A.2d 1356 (1981) (holding that evidence describing a hospital's customary practice of forwarding reports to a doctor's hospital mailbox did not conclusively establish that a particular report was placed there but presented a question of fact for the jury).

1. The "mailbox rule" is not applicable because it "applies only when there is evidence that the item was mailed." *Department of Transportation v. Brayman Construction Corp.*,

99 Pa.Cmwlth. 373, 513 A.2d 562, 566 (1986). *Brayman* established that when the mailbox rule does not apply, as in this case, evidence of regular office procedure for mailing letters is admissible as evidence to establish that the letter was, indeed, mailed. However, in order for the fact-finder to consider the procedure as evidence, the letter must have "been written and signed in the usual course of business and placed in the regular place of mailing." *Id.*

by the Planning Department sometime before December 20th. When the Planning Department informed him that it had no record of receiving the letter or ordinances, Matson hand delivered the ordinances to the Planning Department and had the letter and the receipt time-stamped. This conduct belies Matson's assumption that the ordinances had previously been mailed to the Planning Commission.

Matson testified that the letter and ordinances were mailed on December 5th to the best of his knowledge based on customary office policy; however, his entire testimony hinges on assumptions. When asked if proper postage was affixed to the envelope, Matson replied, "I assume my secretary put the required postage." Reproduced Record at 86a (R.R.—). Matson was unable to positively identify the contents of the December 5th mailing: "I assume the letter, the receipt, and copies of the ordinances [were forwarded.]" *Id.* This testimony did not prove mailing.

In *Department of Transportation v. Brayman Construction Corp.*, 99 Pa. Cmwlth. 373, 513 A.2d 562, 566 (1986), this Court outlined the paradigm for using office procedure to prove that a mailing, or "forwarding," occurred. In *Brayman,* the Commonwealth presented evidence that a copy of the letter was found in its file and that its customary procedure was to place a copy in the file after the letter was mailed. This Court held that relying on the existence of procedure, without proof the procedure had been followed *in that instance,* was insufficient to show the letter had, indeed, been mailed. Instead, the Court stated that "proof of office filing procedures without proof that the letter was written in the regular course of business and was placed in the usual place of mailing does not meet the burden to establish mailing." *Id.*

Matson's belief that the ordinances were forwarded on December 5th is founded on no more than an assumption. He testified: "My assumption is because I had a copy of this letter in my file with this date, and a copy of the receipt with the same date, that in fact, it was signed and sent out on that day, because that is normally what happens in my office." R.R. 85a.[2] The Zoning Hearing Board relied on Matson's testimony to conclude that the two ordinances were mailed to the Planning Commission on December 5th. In doing so, the Board did what *Brayman* forbids. Proof of office procedures, without proof that the ordinances were placed into the "stream" of mail, proves nothing in this case.

Because there is no substantial evidence to support the decision of the Board, I would affirm the order of the trial court.

2. Significantly, Matson conceded on cross-examination that the date of the letter is not always determinative of the mailing date:

Q. Haven't you testified at prior proceedings before the board that the date that may appear on the letter in your file isn't necessarily the date it goes out?
A. That's possible. Yes.
Q. And, in fact, that's exactly what you said in Rural Route Neighbors Exhibit 208, isn't it?
A. That's my recollection, yes.

R.R. 188a–189a. Consequently, Matson's "customary procedure" may not be as reliable as the majority apparently believes.