# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| S.W., | : | |
| Petitioner | : | |
| | : | |
| v. | : | **CASE SEALED** |
| | : | |
| Department of Human Services, | : | No. 44 C.D. 2015 |
| Respondent | : | Submitted: December 31, 2015 |

BEFORE:  HONORABLE BONNIE BRIGANCE LEADBETTER, Judge[1]
                  HONORABLE P. KEVIN BROBSON, Judge
                  HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                              **FILED:  February 24, 2016**

Petitioner S.W. (Petitioner) petitions for review of an order of the Secretary (Secretary) of the Department of Human Services (Department).  The Secretary adopted the December 3, 2014 recommended decision of an Administrative Law Judge (ALJ), denying Petitioner's request to appeal a 2001 decision of the Department confirming the identification of Petitioner as a perpetrator in an indicated report of child abuse and advising that ChildLine[2] would maintain the report.  Petitioner also filed with the Department an

---

[1] This case was assigned to the opinion writer on or before January 31, 2016, when Judge Leadbetter assumed the status of senior judge.

[2] ChildLine is defined as "[a]n organizational unit of [the Department] which operates a Statewide toll-free system for receiving reports of suspected child abuse established under Section 6332 of the Child Protective Services Law," 23 Pa. C.S. § 6332.

application/petition for reconsideration of that final order, which the Department denied by decision dated December 24, 2014. Petitioner filed a petition for review with this Court on January 16, 2015, which this Court deemed to constitute a timely appeal only of the Secretary's denial of reconsideration. Accordingly, the order denying reconsideration of the Secretary's order is the only order we now review.

We briefly note the facts as found by the ALJ. On September 20, 2001, the Department sent a letter to Petitioner advising her that she was listed on ChildLine as a child abuse perpetrator. That letter also informed Petitioner of her right to request, within forty-five days of the date of the notice, that the indicated report of child abuse be amended or destroyed. Petitioner apparently requested the Department to review and expunge the indicated report, and, on December 3, 2001, the Department issued a letter notifying Petitioner that it believed the report was accurate and that it would maintain the report. That letter also advised Petitioner that she had the right to request, within forty-five days of the date of the notice, a hearing on the matter. The Department sent the letter to 2046 North Gratz Street, 1st Floor, Philadelphia, PA 19121-1512.

On October 21, 2014, Petitioner mailed an appeal of the December 3, 2001 notice. The ALJ conducted a hearing and issued a recommended decision. The ALJ considered Petitioner's own testimony that the North Gratz Street address to which the Department mailed the notice advising Petitioner of her hearing rights was the address at which she resided between 2000 and 2004. Petitioner offered no other evidence concerning her delay in filing an appeal, such as any alleged fraud or breakdown of the administrative process, or

2

other factors that might support a review of Petitioner's untimely request for a hearing on the indicated report of child abuse.

After noting the pertinent regulations regarding timely appeals, the ALJ considered whether any grounds existed to support an appeal *nunc pro tunc*. The ALJ identified the salient factors that could support the consideration of an appeal on such basis, but he noted that Petitioner testified that she remembered nothing from 2001 and neither admitted nor denied receiving the December 3, 2001 notice. Additionally, the ALJ reiterated the fact that the address to which the notice was mailed was Petitioner's residence at the time. The ALJ recommended that Petitioner's appeal be denied as untimely and that *nunc pro tunc* relief was not appropriate. Petitioner requested reconsideration, which the Secretary denied.

Petitioner raises the following issues: (1) whether the Secretary abused her discretion in concluding that the evidence in the record does not support a *nunc pro tunc* appeal; and (2) whether the Secretary abused her discretion in applying the "Mailbox Rule."[3]

Our review of an order denying reconsideration of an administrative order is limited to considering whether the Secretary abused her discretion. *Payne v. Workers' Comp. Appeal Bd. (Elwyn, Inc.)*, 928 A.2d 377, 379 (Pa. Cmwlth. 2007). An abuse of discretion in the denial of reconsideration of an administration decision occurs only where the decision to deny reconsideration is

---

[3] The so-called Mailbox Rule is a common law evidentiary tool which provides a presumption to the party raising it that where evidence indicates that mail has been deposited in a post office or mail box and addressed correctly to a recipient with adequate postage, the mail has reached the party to whom it was addressed. *In re rural Route Neighbors*, 960 A.2d 856, 861 (Pa. Cmwlth. 2008), *appeal denied*, 989 A.2d 10 (Pa. 2010).

3

manifestly unreasonable or is based upon bad faith, fraud, capricious action, or an abuse of power. *Id*.

Petitioner contends that the Secretary abused her discretion by concluding that the Mailbox Rule applied in the first instance. Petitioner cites decisions of this Court where we have held that the Mailbox Rule does not apply when a party seeking to employ the rule has not provided sufficient evidence that a letter or notice was mailed in the usual course of business. *Dep't of Transp. v. Brayman Constr. Corp.*, 513 A.2d 562, 566 (Pa. Cmwlth. 1986). Petitioner asserts that the ALJ should not have applied the Mailbox Rule because the Department did not provide any evidence of mailing. Petitioner asserts that the Secretary abused her discretion in discounting Petitioner's testimony that she did not remember receiving the December 3, 2001 notice.

In response, the Department contends that, given the limited standard of review over a decision denying reconsideration and in light of Petitioner's burden in seeking *nunc pro tunc* review, the record in this matter reveals no abuse of discretion. The record fails to support a conclusion that the Secretary's decision was manifestly unreasonable or was the result of partiality, prejudice, bias, or ill will. While Petitioner alleges that the ALJ and Secretary erred as a matter of law in applying the Mailbox Rule, we agree with the Department that the record does not reveal any factors that could lead the Court to conclude that the Secretary's decision to deny *reconsideration* was manifestly unreasonable or the result of partiality, prejudice, or ill will. Consequently, we need not accept Petitioner's

4

invitation to inquire into the legal correctness of the Secretary's decision on the merits.[4]

Accordingly, we conclude that the Secretary did not abuse her discretion in denying Petitioner's application/petition for reconsideration, and we affirm the Secretary's order.

_____

P. KEVIN BROBSON, Judge

---

[4] Petitioner relies upon this Court's unreported decision in *B.B. In re: J.K.* (Pa. Cmwlth., 2022 C.D. 2014, filed June 10, 2015). We conclude that, even if *B.B.* had been filed as a reported decision, it would not control the outcome in this matter, because it is distinguishable. Although the Court in that appeal from a denial of reconsideration by the Secretary delved into the merits of the underlying decision to deny a request to appeal *nunc pro tunc*, we did so apparently based upon the conclusion that the record revealed the Secretary to have reached a manifestly unjust decision in denying reconsideration. In contrast to *B.B.*, Petitioner here, who bore the burden in seeking to obtain *nunc pro tunc* relief, *see J.C. v. Department of Public Welfare*, 720 A.2d 193, 197 (Pa. Cmwlth. 1998), testified only that she could not recall whether or not she received the December 3, 2001 letter. Unlike the petitioner in *B.B.*, there are simply no apparent non-negligent grounds to support *nunc pro tunc* review of Petitioner's untimely appeal.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

S. W.,                                          :
              Petitioner    :
                          :
        v.                                :    **CASE SEALED**
                          :
Department of Human Services,       :    No. 44 C.D. 2015
            Respondent    :

## O R D E R

AND NOW, this 24th day of February, 2016, the order of the Secretary of the Department of Human Services is AFFIRMED.

 

 

_____
P. KEVIN BROBSON, Judge